By the Court
 

 (Kinkade, J.).
 

 The plaintiff in error, Harry A. Lillich, was one of the protestants to the granting of a certificate of convenience and necessity by the Public Utilities Commission to one Dale D. Pence, to operate a motor line over an irregular route from and to Laurel, Ohio. Lillich was himself the holder, at that time, of a certificate of convenience and necessity authorizing him to operate a motor line over an irregular route from and to Laurel, Ohio. On the granting of the application of Pence and the overruling of a motion for rehearing by the protestants, Lillich prosecuted error to this court.
 

 
 *219
 
 He assigns fourteen grounds of error, but in his brief he summarizes and bases his right of relief on two grounds only: First, “Absolutely no evidence was adduced before the Public Utilities Commission showing public necessity and convenience for an irregular certificate,” and second, “Section 614-87 of the General Code as amended April 24, 1929 [113 Ohio Laws, 486], applies to irregular operators and inured to the benefit of plaintiff in error. ’ ’
 

 With respect to the first ground of error above stated, it is sufficient to say that there is evidence in the record from which the commission might well have found that there was a public necessity and convenience calling for the issue of the irregular certificate applied for. The evidence, as appearing in the record, might have warranted a decision either way by the commission. We cannot find that the granting of the certificate was either without evidence or manifestly against the weight of the evidence.
 

 With respect to the second ground of error, it is true, as claimed by plaintiff in error, that, at the time of the decision of the application of Pence for an irregular certificate, part of Section 614-87 read as follows:
 

 “On finding of the public utilities commission that any motor transportation company does not give convenient and necessary service in accordance with the order of such commission such motor transportation company shall be given a reasonable time, not less than sixty days, to provide such service before any existing certificate is cancelled or a new one granted over the route
 
 or for the territory
 
 mentioned in the finding and order of or hearing before the public utilities commission.”
 

 
 *220
 
 The claim of plaintiff in error is that he, as well as four other holders of irregular certificates operating in that territory, was entitled to sixty days’ notice in order to meet the necessities that were not then being met by the holders of the certificates in that territory, before the commission was authorized to grant an additional irregular certificate for the same territory. It is contended that the words “or for the territory” were put into the section by the amendment of 1929, and that the Legislature so amended the section to cover a decision that had been rendered by this court in the case of
 
 Clark
 
 v.
 
 Public Utilities Commission,
 
 122 Ohio St., 57, 170 N. E., 654, decided March 5, 1930. It is perfectly self-evident, from the dates mentioned, that this change in the phraseology in that part of Section 614-87 could not have been made in view of the decision by this court which was not rendered for nearly a year after the time of the amendment.
 

 All of the reasons stated by this court in the case of
 
 Clark
 
 v.
 
 Public Utilities Commission,
 
 why the sixty-day limitation should not apply to an irregular route, are fully applicable here, and are decisive of this case.
 

 Clark
 
 v.
 
 Public Utilities Commission,
 
 122 Ohio St., 57, 170 N. E., 654, approved and followed.
 

 Order affirmed.
 

 Marshall, O. J., Jones, Matthias, Dat and Allen, JJ., concur.
 

 Robinson, J., not participating.